NO. 07-02-0249-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2002

_____

KENNON SHAW, APPELLANT[1]

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-437619; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following a plea of not guilty, on March 1, 2002, appellant Kennon Shaw was convicted by a jury of possession of a controlled substance in a drug free zone and punishment was assessed at 50 years confinement. Appellant timely filed his motion for

---

[1]Documents in the record refer to appellant as Keenon and Kennan; however, our opinion will reflect appellant's name as it appears in the trial court's judgment.

new trial extending the time in which to perfect his appeal until May 30, 2002. Tex. R. App. P. 26.2(a)(2). The notice of appeal, however, was not filed until the following day and was not accompanied by a motion for extension of time reasonably explaining the delay.

In a criminal case, the time within which to file a written notice of appeal may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 26.3. Because appellant's sentence was imposed on March 1, 2002, the 15-day window for filing his notice of appeal and motion for extension of time expired on June 14, 2002. By letter dated July 26, 2002, this Court requested that appellant show cause why the appeal should not be dismissed for want of jurisdiction. In response, on August 5, 2002, counsel for appellant filed a motion for extension of time explaining the reason for the late notice of appeal. However, when a notice of appeal, but no timely motion for extension, is filed within the 15-day window, this Court does not have jurisdiction to dispose of the purported appeal in any manner other than by dismissal for want of jurisdiction. Olivo v. State, 918 S.W.2d 519, 523 (Tex.Cr.App. 1996). Additionally, we do not have jurisdiction to invoke Rule 2 of the Texas Rules of Appellate Procedure in an effort to obtain jurisdiction of the case. Thus, we cannot create jurisdiction where none exists. *Id*; *see also* Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* Tex. Code Crim.

2

Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2002); *see also* Ex Parte Garcia, 988 S.W.2d 240 (Tex.Cr.App. 1999).

Accordingly, we dismiss this cause for want of jurisdiction.


Don H. Reavis
Justice


Do not publish.